## THOMAS NICHOLS vs. BARNARD COOLAHAN.

A contract was made by N. and C. that N. should have eleven dollars per month and board, so long as he should work for C.; C. informing N. that he (C.) might not have two days' work for him : N. worked for C. several months, and brought an action for his wages, and annexed to his writ a bill of particulars, in which he charged the price agreed on per month, and gave C. credit for a certain sum on account of three weeks' sickness of N. during which time he was unable to work; C. filed in offset an account against N. for board during his sickness. *Held,* that the contract was a hiring by the month ; that C. was not entitled to payment for N.'s board during his sickness ; but that N. could not recover wages during any part of the time of his detention from work by sickness.

ASSUMPSIT to recover wages from May 2d to December 20th 1844, at the rate of eleven dollars per month. In the bill of particulars annexed to the plaintiff's writ, credit was given to the defendant for $7·50, on account of three weeks' sickness of the plaintiff, during which time he was unable to work. The defendant filed an account in set-off, in which he charged, among other things, for the board of the plaintiff.

At the trial in the court of common pleas, before *Colby*, J. the evidence showed that the contract between the plaintiff and defendant was, that the plaintiff should have $11 per month and his board, so long as he should work for the defendant; and that, when the contract was made, the defendant informed the plaintiff that he might not have two days' work for him. There was also evidence that the plaintiff worked for the defendant during the time mentioned in his bill of particulars, excepting the time lost by reason of the plaintiff's sickness ; and there was no evidence that he lost any other time.

The judge instructed the jury, that the plaintiff, having himself deducted the time which he admitted to have been lost by sickness, had thereby admitted that time lost for that cause was to be deducted ; and that all the time proved to have been so lost, over and above the three weeks admitted by the plaintiff, should be also deducted by the jury ; but that, upon the contract proved by the plaintiff, the defendant was

38 *

not authorized to charge for the defendant's board during his sickness.

The jury found a verdict for the plaintiff, and the defendant alleged exceptions to the judge's instructions.

*F. Hilliard,* for the defendant.

*J. J. Clarke,* for the plaintiff.

HUBBARD, J. The contract as proved was, that the plaintiff should have eleven dollars per month and his board, as long as the defendant should have work for him; and at the time the contract was made, the defendant informed the plaintiff that he might not have two days' work for him. The plaintiff did work for the defendant during the time stated in his bill of particulars, with the exception of the period when disabled by sickness. And it does not appear whether the sickness was continuous or not.

We are of opinion that this was a hiring by the month, determinable at the pleasure of the defendant, and that while the plaintiff continued in the employment of the defendant, he was entitled to his board, as a part of his compensation during the time he was sick. The defendant not having given notice to the plaintiff, who remained with him and worked when well, we think the contract was not determined, and that the defendant cannot legally charge him with his board.

Another question might have been raised on this contract, viz. whether the plaintiff might not have been entitled to payment for his whole time; but by crediting the loss of time, he has precluded that inquiry, and is properly bound by his admission.

*Exceptions overruled.*